IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARC A. MANZO § <br> (BOP Register No. 42139-044), § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> FEDERAL BUREAU OF PRISONS, § <br> § <br> Defendant. § | No. 3:18-cv-353-N-BN |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Marc A. Manzo, a federal prisoner, in custody at FCI Seagoville, filed a *pro se* Motion for Temporary Injunction [Dkt. No. 3], which the Clerk of Court has construed as a civil complaint. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should summarily dismiss this action with prejudice.

### Applicable Background, Legal Standards, and Analysis

Manzo explains in his construed complaint that he "is in the process of filing suit against the Federal Bureau of Prisons medical staff" and, as he "is currently building a case against the BOP," he "is concerned about being moved from his current institution" – FCI Seagoville. He therefore seeks that "a temporary injunction be issued to prevent the BOP from changing his location or classification status without leave of

court." Dkt. No. 3 at 1; *see also id.* at 2 (explaining that "a transfer would put Mr. Manzo in transit for months and he would not have access to his legal materials which he needs to build the case against the [BOP] medical department").

Manzo is not entitled to relief he seeks. It is well established that "[a] prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility." *Avila Pena v. Pugh*, No. CV306-057, 2006 WL 2444084, at *2 n.6 (S.D. Ga. Aug. 22, 2006) (citing *McKune v. Lile*, 536 U.S. 24, 39 (2002); *Meachum v. Fano*, 427 U.S. 215, 225 (1976)); *see also Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility ...." (citing *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983))).

Indeed, a federal district court lacks "the authority to order incarceration at any particular facility as the Bureau of Prisons is solely responsible for that decision." *United States v. Riley*, 84 F. App'x 717, 2003 WL 23101850, at *1 (3d Cir. Dec. 30, 2003) (per curiam) (citing 18 U.S.C. § 3621). Section 3621 in pertinent part provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering [enumerated statutory factors].

*Id.* § 3621(b); *see also Waters v. United States*, 331 F. App'x 278, 280 (5th Cir. 2009) (per curiam) ("The district court correctly determined that Waters' claim that the BOP lacked discretion to determine that he would serve all, or part of, his federal sentence

in the Louisiana state prison system did not implicate a constitutionally protected right." (citing *Olim*, 461 U.S. at 246-47)); *Sanchez v. Fed. Bureau of Prisons*, No. 3:05-cv-2376-K, 2005 WL 3555465, at *2 (N.D. Tex. Dec. 19, 2005) ("Plaintiff's claims that Defendants should be enjoined from transferring him to another facility are without merit. Under 18 U.S.C. § 3621(b), the BOP may direct confinement of a prisoner in any available facility and may transfer a prisoner from one facility to another at any time. Federal prisoners generally have no constitutional right to placement in a particular penal institution." (citations omitted)), *rec. adopted*, 2005 WL 3560624 (N.D. Tex. Dec. 27, 2005).

And, to the extent that Manzo seeks a "temporary injunction," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction," and "[t]he same four-factor test for preliminary injunctions also has been extended to temporary restraining orders," because "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted). To obtain either, Manzo must "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*,

489 F.2d 567, 572 (5th Cir. 1974).

"As a threshold matter, the Court may not issue a TRO in this case because (a) [Manzo] has not sworn to specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss or damage will result to him before the [BOP] can be heard in opposition, and (b) [he] has not certified in writing any efforts made to give notice of the filing of the request for a TRO to the [BOP] and the reasons why such notice should not be required." *Ray v. La. Dep't of Public Safety & Corrs.*, Civ. A. No. 16-810, 2016 WL 5875947, at *2 (W.D. La. Oct. 7, 2016) (citing FED. R. CIV. P. 65(b)(1)).

Nevertheless – and to the extent that he seeks a preliminary injunction – Manzo fails as to the first, substantial-likelihood element for the reasons explained above.

## Recommendation

The Court should summarily dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 15, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE